**SO ORDERED.**

**SIGNED this 01 day of May, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

BRIGHTON PLACE OF GREENVILLE, LLC,

    DEBTOR.                                  CASE NO. 07-03966-8-JRL
                                                     CHAPTER 7

_____

**ORDER**

This case is before the court on a motion for relief from the automatic stay filed by First South Bank, a creditor of Brighton Place of Greenville, LLC ("debtor"). On April 23, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

First South Bank is the holder of two promissory notes and deeds of trust securing the entire Brighton Place of Greenville Subdivision, except for certain lots conveyed to individuals prior to the debtor's bankruptcy filing. First South Bank instituted foreclosure proceedings on the subdivision after the debtor defaulted. First South Bank was the highest and only bidder for the property. On October 19, 2007, the final day of the upset bid period, the debtor filed chapter 11. First South Bank alleges that the subdivision is grossly incomplete and will require a substantial expenditure in order to complete the subdivision as designed and promised to lenders, homeowners, builders, the City of Greenville, and the community. First South Bank further alleges that, as of

March 10, 2008, the principal amount due on the notes is $1,785,524.08, and the interest, late fees, and other charges due since default are $264,577.19 with a per diem of $793.57. Therefore, First South Bank seeks possession of the property in order to protect its investment. The chapter 7 trustee contends that he has employed a real estate broker to attempt to market the subdivision, and that the sale of the subdivision may bring an amount in excess of the secured claims, thus leaving a potential dividend to unsecured creditors. Accordingly, he argues that the debtor's estate will be maximized by this method of sale rather than permitting Firth South Bank to take possession.

First South Bank's principal argument at the April 23, 2008 hearing is that it should be permitted to take possession of the subdivision in order to complete the unfinished portions of the subdivision necessary to maximize the subdivision's true value. In support of this argument, First South Bank presented the testimony of four homeowners in the subdivision. Each of these individuals testified that they have encountered substantial difficulties in selling their homes because integral features in the neighborhood, including curbing, gutters, water and sewer infrastructure, pool, clubhouse, and a parking lot, are unfinished and have no prospect of being finished due to the debtor's bankruptcy. Counsel for First South Bank argued that the bank intends to complete construction on these unfinished features to maximize the subdivision's value and then sell the property. However, First South Bank presented no testimony from any officers or employees that the bank intends to take this course of action. Instead, the bank relies solely on its counsel's proffer at the hearing. More importantly, however, First South Bank presented no evidence of the fair market value of the property.

On the other hand, the chapter 7 trustee presented evidence of the property's fair market value, and he also supported his proposed sale plan with testimony from Cord Goodson, an expert

in real estate development, construction, and sales in Pitt County, North Carolina. Mr. Goodson testified that he is currently marketing the subdivision for a sale price of $2.2 million, a number that he believes accurately reflects the subdivision's fair market value. With respect to his sale plan, Mr. Goodson also testified that the market for buyers of a subdivision in this condition is limited, but that he is specifically focusing on meeting with these types of buyers. Within this specific group, Mr. Goodson has appointments already scheduled with three of the fourteen developers that he plans to contact regarding this property.

Based on the evidence presented at the April 23, 2008 hearing, First South Bank's motion for relief from the automatic stay is denied. The only competent evidence of the subdivision's fair market value was Mr. Goodson's price of $2.2 million, a figure that provides an adequate equity cushion to the creditors.

"**END OF DOCUMENT**"